IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARNOLD SEBASTION CARVER, )
    Petitioner, )
     )
    v. ) Civil Action No. 08-1299
     )
RANDALL E. BRITTON, et al., )
    Respondents. )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Arnold Sebastion Carver has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied. An appropriate Order will be entered.

Arnold Sebastion Carver was convicted, upon his plea of nolo contendere to charges of rape, statutory rape, incest, involuntary deviate sexual intercourse, indecent assault, corruptions of the morals of a minor and criminal attempt at Nos. CC 8001817 and 8001818 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] On August 13, 1980, petitioner was sentenced to a ten to twenty year period of incarceration at No. CC8002017 and a consecutive twenty year period of probation at No. CC 8001818.[2] It is not his conviction about which Carver now complains but rather he seeks to challenge the conditions under which is probation was

---

[1] See: Petition at ¶ 1-6.

[2] See: Petition at ¶¶ 2-3 and the respective state court records.

1

revoked.[3]

Following his release from custody, the petitioner was charged with a number of probation violations and returned to custody. Essentially, the trial court concluded that following his release, the petitioner had failed to pay for sex offender treatment in violation of his probation, and additionally that he was found in possession of pornographic videotapes and had incurred a DUI arrest and conviction.[4]

An appeal was taken to the Superior Court in which the sole issue presented was:

It was a violation of the Fourteenth Amendment for the trial court to revoke Mr. Carver's probation because he could not pay for treatment.[5]

On March 5, 2007, the probation revocation sentence was affirmed.[6] Reargument or reconsideration was denied on March 19, 2007[7] and leave to appeal was denied by the Pennsylvania Supreme Court on October 4, 2007.[8]

The background to this conviction is set forth in the March 5, 2007 Memorandum of the Superior Court, which reiterated the trial court's summation:

---

[3] The twenty year consecutive term of probation imposed at CC 8001818 was based on the petitioner's plea to two first degree felonies (rape and involuntary deviate sexual intercourse), one second degree felony (statutory rape), two first degree misdemeanors (incest and corruption of minors) and a second degree misdemeanor (indecent assault). Had he been sentenced to imprisonment on these charges a sentence at least as severe as his sentence imposed at CC 8001817 could have been imposed.

[4] See: Opinion of the trial court, Exhibit 4 to the answer of the Commonwealth.

[5] See: Exhibit 6 to the answer.

[6] See: Exhibit 8 to the answer.

[7] See: Exhibit 10 to the answer.

[8] See: Exhibit 13 to the answer.

> On August 14, 1980, [Carver] was originally sentenced to ten (10) to twenty (20) years of incarceration after [his] conviction of various sex offenses. In addition, he was also sentenced to a consecutive sentence of twenty (20) years [of] probation. Furthermore[,] upon his release, [Carver] was required to undergo sex offender treatment at Mercy Behavioral Health ["Mercy"] during his probationary period. He was removed from the sex offender treatment after he failed to comply.
>
> Therefore, this Court conducted a probation violation hearing on November 2, 2005, based upon allegations that [Carver] violated the conditions of his probation by being dismissed prematurely from counseling for failing to pay for treatment.
>
> This Court continued the hearing until December 15, 2005, with [Carver] remaining in jail. On that date, after hearing testimony, [Carver's] probation was revoked and he was resentenced to one (1) to three (3) years in a state correctional institution to be followed by seventeen (17) years of probation.[9]

The Superior Court concluded that the essence of the appeal was the petitioner's claim that his probation was revoked and he was reincarcerated because of his inability to pay for the required treatment.[10] The Superior Court then summarized:

> Our review of the record in this case reveals that Carver's probation was revoked, not because of an inability to pay fines as he alleges, but rather because he had violated the condition of probation that required Carver to undergo sex offender treatment at Mercy during his probationary period. The record reflects that Carver was receiving treatment and was removed from the program on at least two occasions. Initially, Carver was discharged from the program in 2004, after he had a motor vehicle accident and tested positive for alcohol... More recently, Carver was discharged from the sex offender treatment program for his refusal to make payments for his treatment and for missing classes. The record indicates that Carver owes Mercy over $800.00 for his treatments [fn. We note that the trial court stated that it found Carver's testimony relating to his inability to pay to be completely lacking in credibility]... Mercy arranged to lower Carver's fee to $70.00 per month ... When Carver still failed to pay, Mercy lowered the payments to $50.00 per month, with the first payment to be made at Carver's next appointment scheduled for September 15, 2005... However, Carver failed to attend his appointment, failed to make the payment and was discharged... Carver testified that he had missed the appointment because he overslept... Thus, the record

---

[9] See: Exhibit 8 to the answer.

[10] Id.

3

supports the revocation court's conclusion that Carver failed to comply with the specified condition of his probation that he undergo sex offender treatment at Mercy. Accordingly, the revocation court properly revoked Carver's term of probation.[11]

In a petition executed on September 10, 2008, Carver now comes before this Court and contends he is entitled to relief on the following grounds:

> 1. Trial court error/violation of the fourteenth Amendment/Due process: Trial court improperly revoked petitioner's probation for failure to pay court ordered treatments fees without findings pertaining to the wilfulness of appellant's omission and erred in failing to consider alternatives to incarceration of total confinement.
>
> 2. Trial court error/due process/a violation of the Fourteenth Amendment: Probation revocation court improperly found petitioner violated the condition of probation that was never imposed and never properly ordered by the court, and abused its discretion as evidence was insufficient to support the decision to revoke.
>
> 3. Insufficient hearsay evidence/ a violation of due process of the Fourteenth Amendment: Probation revocation court erred its power by relying extensively upon hearsay evidence proffered by appellant's probation officer.
>
> 4. Denial of effective assistance of counsel a violation of the Fourteenth Amendment/due process: Did counsel undermine the tru[th] determining process of probation revocation hearing by (1) failing to inform appellant of his right to cross-examine adverse testimony, namely probation officer's fabricated statements, (2) failure to present appellate issues properly, as to preserve for appeal, and (3) had no reasonable strategic basis of action or inaction in argument of out dated checks irrelevant to the issues at hand.[12]

The Commonwealth concedes that the instant petition was filed timely, however, it argues that the claims which the petitioner seeks to raise here, have not been presented to the appellate courts of the Commonwealth for their consideration in the first instance.[13]

---

[11] Id.

[12] See: Petition at ¶ 12.

[13] See: Answer at pp.7, 10-11.

4

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of

law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, we agree with the Commonwealth that it would appear that the petitioner has not presented the issues which he seeks to raise here to the appellate courts of the Commonwealth and he is procedurally barred from raising them here. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

However, it does appear that the petitioner might be seeking to allege, as he did in the Superior Court that his probation was revoked as a result of his failure to pay the necessary costs

6

associated with his participation in the Mercy sex offender program. A failure which he attributes to his inability to pay the associated costs.

For this reason, we have examined the transcripts of the probation revocation hearing conducted on November 2, 2005 and continued to December 12, 2005. At the November 2, 2005 hearing the petitioner's probation officer represented that following the petitioner's release from incarceration to serve his probation he was required to successfully complete a sex offender program (11/2/05 at p.3); that because the petitioner was unable to pay the full cost of such a program, arrangements were made for him to pay a reduced rate on an installment basis (11/2/05 at p.3-4); that when the petitioner failed to participate in the program he was arrested for failure to participate in the program and not for failure to pay for the program (11/02/2005 at p. 4-5); that during the time the petitioner was on probation, he also was convicted of driving under the influence of alcohol and this conviction also contributed to his probation revocation (11/02/2005 at p.7) and that the petitioner maintained he failed to attend the program because he had overslept (11/02/2005 at p. 5).

At the continued hearing on December 12, 2005, a representative of Mercy Hospital Behavioral program testified that because the petitioner's insurance would not pay for the program, an installment program was worked out with the petitioner whereby he would ultimately pay the amounts past due and the county would pay for continued treatment (12/12/2005 at p.7-8) and that he was dismissed from the program for failure to participate (12/12/2005 at p. 6). The petitioner testified that he was dismissed for failure to meet his financial obligation (12/12/2005 at p.11) and that he failed to attend because he did not awaken in time (12/12/2005 at p. 12,14).

Factual determinations made by the state courts are presumed correct here. 28 U.S.C.

7

2254(e)(1). The probation violation court determined that there were several bases on which the petitioner had violated his probation, and additionally concluded that Carver did not lack the financial ability to continue in the Mercy program. The latter determination rest squarely within the scope of the duties of the fact-finder and absent a valid basis for not doing so, is subject to deference here. Lambert v. Blackwell, 387 F.3d 210 (3d Cir. 2004). No such showing is made here. See also: Marshall v. Lonberger, 459 U.S. 422, 434 (1983); Weeks v. Snyder, 219 F.3d 245, 258 (3d Cir.2000). Thus, the record demonstrates that Carver's probation was not revoked due to his inability to meet his financial obligations but rather due to his failure to participate in the rehabilitation program, being convicted of driving under the influence and possession of pornography.

     Accordingly, we conclude that the determination of the state courts does not represent an unreasonable application of federal law as interpreted by the United States Supreme Court and that there is no basis for granting relief here.

     An appropriate Order will be entered.

ORDER

AND NOW, this 22nd day of January, 2009 for the reasons set forth in the foregoing Memorandum, the petition of Arnold Sebastion Carver for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

                                                              s/ Robert C. Mitchell
                                                              United States Magistrate Judge